UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOA SYSTEMS, INC., a Florida Corporation,     CASE NO.:

     Plaintiff,

vs.

INTERNATIONAL BUSINESS MACHINES
CORPORATION, AS SUCCESSOR IN
INTEREST TO WSI CORPORATION, a
Foreign Corporation,

     Defendant,

_____/

## **COMPLAINT**

Plaintiff, TOA SYSTEMS, INC., a Florida Corporation, by and through its undersigned counsel, sues the Defendant, INTERNATIONAL BUSINESS MACHINES CORPORATION, AS SUCCESSOR IN INTEREST TO WSI CORPORATION, a Foreign Corporation, and states:

1. This is an action for damages in an amount in excess of the minimum jurisdictional limits of this Court.

2. Plaintiff, TOA SYSTEMS, INC., (hereinafter referred to as TOA), is a Florida corporation with its principal place of business located in the State of Florida, duly authorized to conduct business in this State and regularly engaged in business throughout the State and elsewhere including locations both within and outside the United States.

3. TOA is in the business of designing, developing, producing, operating and maintaining sensors and programs for the detection, collection and processing of lightning data.

4. WSI Corporation, (hereinafter referred to as WSI), is a Foreign corporation with its principal place of business in Andover, Massachusetts.

5.  WSI was in the business of acquiring, developing, producing, and selling weather systems and weather information to customers worldwide.

6.  On or about January 11, 2007, TOA and WSI entered into an agreement, the terms and conditions of which were memorialized in the Lightning Network Agreement, Final Version, attached as Exhibit A.

7.  Pursuant to the provisions of Exhibit A, WSI was obliged to pay all TOA invoices for goods and services provided by TOA to WSI, plus "sensor fees", within thirty (30) days of receipt of valid TOA invoices and was further obliged to pay all appropriate Florida sales taxes, out of pocket shipping costs and customs fees where applicable for all lightning sensor deployments requested by WSI both within and outside the United States as determined by WSI with WSI to pay TOA for such sensors, as provided in Sections 3.4(b), 3.5(b) and 6.2 of Exhibit A.  WSI was further obliged to pay TOA a fee of $25,000 per year for WSI's "Internal Use of Lightning Data"; "Display Software Fees"; and "Reimbursement of Certain Authorized Expenses" (which fee was payable annually).

8.  WSI was responsible for the delivery of Lightning Products to its customers or distributors including delivery in the State of Florida as provided in Section 3.8 of Exhibit A.

9.  WSI was responsible for delivering to TOA quarterly reports regarding subscriptions and license revenues as provided in Section 7.1 of Exhibit A.

10.  The specified term of Exhibit A is a minimum of 15 years (until 2022) pursuant to Section 8.1 of Exhibit A.

11.  On or about March 15, 2007, TOA and WSI amended Exhibit A in accordance with the provisions of Exhibit B.  Those provisions did not materially alter the obligations of WSI as described in the foregoing Paragraphs 8 through 11.

2

12.    On or about April of 2013, TOA and WSI amended their agreement in accordance with the provisions of Exhibit C.  Those provisions did not materially alter the obligations of WSI as described in the foregoing Paragraphs 8 through 11.

13.    In 2014, TOA and WSI amended their agreement in accordance with the provisions of Exhibit D.  Those provisions included a transfer from WSI to TOA of rights and obligations under specified Global Lightning Network Hosting Agreements and the modification of certain WSI exclusive license rights outside the United States to non-exclusive rights.  The rights and obligations of the parties otherwise remained unchanged and in full force and effect.

14.    TOA fully performed its contract obligations and was in compliance with all terms and conditions of Exhibits A, B, C and D at all times material hereto.

15.    The agreement between TOA and WSI was regularly producing on average net revenue of approximately $1 million per year.

16.    While the agreement between TOA and WSI remained in full force and effect, WSI was acquired by International Business Machines Corporation, (hereinafter referred to as IBM), headquartered in Armonk, New York.  As a consequence of that acquisition, IBM became the successor in interest to all rights, obligations, duties, responsibilities, and liabilities of WSI in its relationship with TOA.

17.    On or about June 22, 2017, IBM informed TOA by telephone that it was terminating all agreements with TOA effective in two weeks, and IBM then did, in fact, cease its use of TOA's goods and services and halted all payments due to TOA.

18.    IBM's unilateral termination of its contract obligations to TOA was unjustified and in material breach of the contract terms.

19.    WSI/IBM have failed and refused to provide the monthly reports and data from TOA to determine whether WSI/IBM has met its pre-termination payment obligations.

20.    As a direct consequence of the afore-described material breaches of contract, TOA has sustained in the past and will continue to sustain substantial economic losses.

WHEREFORE, TOA demands judgment against IBM for damages, pre-judgment and post-judgment interest, costs, fees and such other and further relief as the Court may deem appropriate under the circumstances.

TOA further demands trial by jury.

Dated this 15th day of November, 2018.

Respectfully Submitted,
EDWARDS POTTINGER LLC

By: */s/ J. Stanley Pottinger*
        J. Stanley Pottinger
        49 Twin Lakes Road, Suite 100
        South Salem, New York 10590
        Email: stan@epllc.com
                  ecf@epllc.com

Bradley J. Edwards
EDWARDS POTTINGER, LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Fl  33301
TEL: (954)524-2820
FAX: (954)524-2822
E-mail: brad@epllc.com
Florida Bar No. 542075

Jack Scarola
SEARCY DENNEY SCAROLA, et. al.
2139 Palm Beach Lakes Blvd.
West Palm Beach, FL  33409
Phone: (561)686-6300
Fax:  (561)383-9451
Florida Bar No.: 169440
Email: jsx@searcylaw.com;
*Pending Pro Hac Admission*

4