UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TOA SYSTEMS, INC.,                                     :
              Plaintiff,                   :
v.                                                     :  **OPINION AND ORDER**
                                                     :
INTERNATIONAL BUSINESS MACHINES                        :  18 CV 10685 (VB)
CORPORATION, as successor in interest to WSI           :
Corporation, a foreign corporation,                    :
              Defendant.                   :
--------------------------------------------------------------x

Briccetti, J.:

    Plaintiff TOA Systems, Inc. ("TOA"), brings this action against defendant International Business Machines Corporation ("IBM"), as successor in interest to WSI Corporation ("WSI"). Plaintiff asserts a state law claim for breach of contract.

    Before the Court is defendant's motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #21).

    For the reasons set forth below, the motion is GRANTED. However, plaintiff is granted leave to replead its claim to the limited extent provided herein.

    The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## BACKGROUND

    For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

    This case concerns a contract. TOA alleges that on January 11, 2007, it contracted with WSI to assist with the installation, development, and use of worldwide lightning data based on TOA's sensors and technology. WSI, in turn, contracted to sell weather systems information to customers worldwide. The parties amended the contract three times. At some point after

1

September 2014, IBM acquired WSI and became the successor in interest to WSI's contract with TOA. On June 22, 2017, IBM terminated the contract with TOA.

TOA bases its breach of contract claim on: (i) defendant's failure to meet its pre-termination payment obligations; and (ii) defendant's premature termination of the contract in 2017, when the parties had agreed the contract would run until 2022. Accordingly, plaintiff claims defendant has caused it to lose out on "approximately $1 million per year" in net revenue and that plaintiff has "sustained . . . and will continue to sustain substantial economic losses in the form of lost payments." (Doc. #20 ("Am. Compl.") ¶¶ 15, 20).

## DISCUSSION

I.  Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the U.S. Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[1] First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, a complaint's allegations must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

2

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

II. Pre-Termination Payment Obligations

IBM argues TOA fails to plead a plausible breach of contract claim based on pre-termination payments owed.

The Court agrees.

"Courts have generally recognized that relatively simple allegations will suffice to plead a breach of contract claim even post-Twombly and Iqbal." Comfort Inn Oceanside v. Hertz Corp., 2011 WL 5238658, at *7 (E.D.N.Y. Nov. 1, 2011). A plaintiff must, however, assert more than bare allegations to raise its claims "above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. at 555. "An allegation that a claimant suffered damages without particular facts as to how she was damaged does not satisfy Twombly and Iqbal." Comfort Inn Oceanside v. Hertz Corp., 2011 WL 5238658, at *8.

Moreover, "discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim." Podany v. Robertson Stephens, Inc., 350 F. Supp. 2d 375, 378

3

(S.D.N.Y. 2004); see also Main St. Legal Servs., Inc. v. Nat'l Sec. Council, 811 F.3d 542, 567–68 (2d Cir. 2016).

Here, plaintiff's allegations of pre-termination payments owed are speculative. Plaintiff merely alleges defendant failed and refused to provide monthly reports, which would have identified pre-termination payments owed, if any. Plaintiff argues those allegations are sufficient because it is plausible that defendant's abrupt termination of an ongoing contract resulted in outstanding balances.

But plaintiff cannot use the discovery process to find out whether it has a claim. Podany v. Robertson Stephens, Inc., 350 F. Supp. 2d at 378. Moreover, the contract provided recourse; plaintiff could have audited defendant's books to see if defendant owed it money.

Accordingly, TOA's breach of contract claim based on defendant's alleged failure to provide reports of use prior to termination fails.

III. Premature Termination

IBM also argues TOA fails to state a claim for breach of contract arising from the allegedly premature termination because plaintiff has not adequately alleged damages.

The Court agrees.

"Under New York law, a breach of contract claim requires proof of (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." Fischer & Mandell, LLP v. Citibank, N.A., 632 F.3d 793, 799 (2d Cir. 2011). The complaint must include specific allegations that the defendant's breach caused the plaintiff damages. Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 52 (2d Cir. 2011).

New York courts routinely enforce limitations of liability contracted by sophisticated parties. Process Am., Inc. v. Cynergy Holdings, LLC, 839 F.3d 125, 138 (2d Cir. 2016). When

such liability-limitation provisions are applicable and enforced, the parties are precluded from seeking "consequential, indirect or punitive damages, opportunity costs or lost profits." Negrete v. Citibank, N.A., 187 F. Supp. 3d 454, 469 (S.D.N.Y. 2016), aff'd, 759 F. App'x 42 (2d Cir. 2019) (summary order).

Here, the contract contains a mutual limitation on liability clause that expressly bars the recovery plaintiff is seeking. The contract provides:

**15. LIMITATION ON LIABILITY**

**IN NO EVENT SHALL A PARTY BE LIABLE TO ANY OTHER PARTY HERETO FOR SPECIAL, INDIRECT, PUNITIVE, INCIDENTAL OR CONSEQUENTIAL DAMAGES OR FOR ANY DAMAGES RESULTING FROM LOSS OF USE, DATA, BUSINESS OR PROFITS, WHETHER IN CONTRACT, TORT, STRICT LIABILITY, OR OTHERWISE AND REGARDLESS OF WHETHER SUCH DAMAGES OR LOSSES WERE FORESEEABLE.**

(Am. Compl. Ex. A § 15).

To avoid this limitation, plaintiff argues: (i) it suffered general damages, rather than lost profits; and (ii) the clause is unenforceable.

The Court is not persuaded. First, plaintiff is trying to circumvent the contract's limitation on liability by arguing plaintiff's damages are general—but plaintiff is merely recharacterizing its lost business and lost profits as "general damages" without a sound legal basis for such a distinction. (Doc. #26 ("Pl. Opp'n Br.") at 8).

Second, the clause is enforceable. TOA and WSI were both sophisticated parties. Process Am., Inc. v. Cynergy Holdings, LLC, 839 F.3d at 138. Even plaintiff acknowledges that "[w]hile a party may intentionally breach a contract to advance its own legitimate economic interest and still rely on a contractual limitation of liability, intentional wrongdoing that is unrelated to any legitimate economic self-interest will invalidate the limitation." (Pl. Opp'n Br.

at 9). Here, plaintiff does not allege intentional wrongdoing unrelated to defendant's legitimate self-interest.

Accordingly, TOA's breach of contract claim based on a premature termination must be dismissed.[2]

IV. <u>Leave to Amend</u>

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." However, leave to amend may "properly be denied for . . . futility of amendment." <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 191 (2d Cir. 2008). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." <u>Lucente v. Int'l Bus. Mach. Corp.</u>, 310 F.3d 243, 258 (2d Cir. 2002).

Here, plaintiff asks the Court for leave to amend its already amended complaint. Reading the amended complaint liberally, the Court finds plaintiff cannot plausibly allege a breach of contract claim based on premature termination given the limitation on liability clause. However, the parties agree that plaintiff's allegations regarding defendant's pre-termination payment obligations could give rise to a breach of contract claim for damages not barred by the limitation on liability clause. (<u>See</u> Doc. #27 ("Def. Reply Br.") at 9).

Accordingly, plaintiff's motion for leave to file a second amended complaint is granted, but only to the limited extent of pleading a breach of contract claim based on IBM's alleged failure to meet its pre-termination payment obligations. The second amended complaint must address the deficiencies identified herein with respect to that claim. Also, because the second

---

[2]  Plaintiff also seeks damages for payments which it would have derived subsequent to the premature termination of the contract. As discussed above, those damages are also expressly barred by the mutual limitation on liability clause.

amended complaint will completely replace, not supplement, the prior complaints, plaintiff must include in the second amended complaint all information necessary for its claim.

## CONCLUSION

The motion to dismiss is GRANTED.

Plaintiff is granted leave to file a second amended complaint for breach of contract based on IBM's alleged failure to meet its payment obligations prior to termination. Plaintiff shall file its second amended complaint no later than November 18, 2019.

The Clerk is directed to terminate the motion. (Doc. #21).

Dated: November 4, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge