```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TOA SYSTEMS, INC.,                              :
                  Plaintiff,                    :
v.                                              :   OPINION AND ORDER
                                                :
INTERNATIONAL BUSINESS MACHINES                 :   18 CV 10685 (VB)
CORPORATION, as successor in interest to WSI    :
Corporation,                                    :
                  Defendant.                    :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff TOA Systems, Inc. ("TOA"), brings this action against defendant International Business Machines Corporation ("IBM"), as successor in interest to WSI Corporation ("WSI"). TOA asserts state law claims for breach of contract and conversion.

Before the Court is IBM's motion to dismiss the second amended complaint pursuant to Rule 12(b)(6).  (Doc. #33).

For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the second amended complaint and draws all reasonable inferences in TOA's favor, as summarized below.

I.   Factual History

This case concerns a contract.  WSI was in the business of acquiring, developing, producing, and selling weather systems and weather information to customers worldwide.  TOA alleges that on January 11, 2007, it entered into an agreement with WSI.  The agreement

1

permitted WSI to utilize TOA's data sensors and technology to develop, install, and maintain a worldwide lightning data transmission platform. WSI, in turn, used this platform to provide its products to customers.

The parties amended the contract three times. Although the contract was suspended from January 2013 through December 2016, it resumed in January 2017, and was expected to run until 2022. Sometime after September 2014, IBM acquired WSI and, accordingly, WSI's contract with TOA. On June 22, 2017, IBM terminated the contract.

TOA alleges that subsequent to IBM's unilateral termination of the contract, IBM, through its customers, continued to use TOA's goods and services without compensation to TOA. Indeed, attached to TOA's second amended complaint is email correspondence between TOA and IBM employees in June and July 2018, respecting IBM customers' continued use of TOA software. (See Doc. #30 ("SAC") Ex. E).

II.    Procedural History

TOA commenced this action in November 2018. (See Doc. #1). On January 31, 2019, IBM moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6). (See Doc. #14). Thereafter, TOA filed an amended complaint, which IBM then moved to dismiss pursuant to Rule 12(b)(6). (See Docs. ##20, 21).

On November 4, 2019, the Court issued an Opinion and Order granting IBM's motion to dismiss, but also granting TOA leave to file a second amended complaint "to the limited extent of pleading a breach of contract claim based on IBM's alleged failure to meet its pre-termination payment obligations." (See Doc. #28).

Thereafter, TOA filed the second amended complaint, which, again, IBM moved to dismiss pursuant to Rule 12(b)(6). (See Docs. ##30, 33). In the second amended complaint,

TOA brings claims for breach of contract concerning IBM's failure to provide payments and monthly reports both pre- and post-termination of the contract. TOA also brings a conversion claim for IBM's use "of TOA's goods and services subsequent to [IBM's] purported unilateral termination of the contract." (SAC ¶ 25).

## DISCUSSION

I.   Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the U.S. Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[1] First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, a complaint's allegations must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

II.     Breach of Contract Claims

IBM argues TOA fails to plead plausible breach of contract claims.

Although a close call, the Court disagrees.

"Under New York law, a breach of contract claim requires proof of (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." Fischer & Mandell, LLP v. Citibank, N.A., 632 F.3d 793, 799 (2d Cir. 2011). The complaint must include specific allegations that the defendant's breach caused the plaintiff damages. Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 52–53 (2d Cir. 2011). "Courts have generally recognized that relatively simple allegations will suffice to plead a breach of contract claim even post-Twombly and Iqbal." Comfort Inn Oceanside v. Hertz Corp., 2011 WL 5238658, at *7 (E.D.N.Y. Nov. 1, 2011).

Here, TOA brings breach of contract claims based on IBM's failure to: (i) provide monthly usage reports; (ii) make annual $25,000 payments for 2017 and 2018; and (iii) compensate TOA for its customers' use of TOA's software subsequent to IBM's termination of the contract. Although the second amended complaint is hardly a model of clarity, TOA nevertheless plausibly alleges the parties had an agreement, TOA adequately performed under the agreement, IBM breached the agreement when it unilaterally terminated the agreement and ceased providing payments and monthly reports to TOA, and, as a result, TOA was not paid what IBM allegedly owes. See Boart Longyear Ltd. v. All. Indus., Inc., 869 F. Supp. 2d 407,

413 (S.D.N.Y. 2012) ("A plaintiff alleging a breach of contract claim is required only to provide a defendant with a short, plain notice of the claims against it pursuant to Rule 8."). Indeed, the second amended complaint presents factual allegations, absent from TOA's prior pleadings, which support TOA's claim that IBM customers continued to use TOA software following IBM's unilateral termination of the agreement. Such allegations are sufficient to nudge TOA's breach of contract claims "across the line from conceivable to plausible." In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (per curiam) (quoting Bell Atl. v. Twombly, 550 U.S. at 570).

      IBM presents a number of arguments for why TOA cannot plausibly state a claim for breach of contract. First, IBM asserts TOA's breach of contract claim respecting the monthly reports fails because TOA did not take advantage of the audit provision in the contract. Second, IBM argues Section 6.4 of the contract makes clear "the $25,000 annual fee is only for IBM's internal use of TOA's lightning data," whereas the second amended complaint alleges IBM's customers continued to use TOA's software externally. (Doc. #38 at 5; see also SAC Ex. A § 6.4) (emphasis added). The Court is not persuaded. Whether TOA properly utilized the contract's audit provision, and whether TOA is owed annual fees for 2017 and 2018, are factual disputes not suited for resolution at the motion to dismiss stage. See GeBBS Healthcare Sols., Inc. v. Orion Healthcorp, Inc., 2017 WL 1251143, at *4 (S.D.N.Y. Apr. 4, 2017) ("a motion to dismiss is not the proper vehicle for [the moving party] to tell its side of [the] story").

      IBM also argues TOA cannot plausibly state a claim for breach of contract because TOA fails adequately to allege damages. "Although a plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference' that he suffered damages as a result of the breach," Errant Gene Therapeutics, LLC et al. v. Sloan-Kettering Inst. for Cancer Research,

5

2016 WL 205445, at *7 (S.D.N.Y. Jan. 15, 2016) (citing Ashcroft v. Iqbal, 556 U.S. at 678), he "need not, at this stage, 'specify the measure of damages nor plead . . . [specific] proof of causation.'" Id. (citing LivePerson, Inc. v. 24/7 Customer, Inc., 83 F. Supp. 3d 501, 516 (S.D.N.Y. 2015)). "The precise magnitude of damages proximately caused by the breach is properly evaluated at the summary judgment stage, not the motion to dismiss stage." Id. And here, TOA alleges it suffered damages because IBM has failed to pay what IBM owes.

Finally, IBM argues TOA cannot plausibly allege a breach of contract claim for any conduct following IBM's June 2017 termination of the agreement, citing Wall St. Sys. Sweden AB v. Hertz Glob. Holdings, Inc., 2015 WL 158887, at *1 (S.D.N.Y. Jan. 13, 2015), in support. However, in Wall St. Sys., the contract contained a "termination provision allowing either party to terminate the Agreement by providing 90 days written notice prior to the expiration of the then-current subscription period." Id. at *3. Here, the parties expected the contract to run its full fifteen-year term, to 2022. (See SAC ¶ 10). Thus, TOA has plausibly alleged IBM's unilateral termination of the agreement did not relieve IBM of its obligations under same: to provide payments and monthly reports.

Accordingly, IBM's motion to dismiss TOA's breach of contract claims must be denied.

III.   Conversion Claim

IBM argues TOA does not plausibly allege a conversion claim because IBM did not exercise control over TOA's property.

The Court agrees TOA has not plausibly alleged a conversion claim, but not because IBM did not exercise control over TOA's property. Rather, TOA has not plausibly alleged a conversion claim because such claim is coextensive with TOA's breach of contract claim.

Under New York law, "[a] conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." Colavito v. N.Y. Organ Donor Network, Inc., 8 N.Y.3d 43, 49–50 (2006). It is settled under New York law that a "tort claim," such as one for conversion, "will not arise where plaintiff is essentially seeking enforcement of the bargain." In re Chateaugay Corp., 10 F.3d 944, 958 (2d Cir. 1993).

Here, TOA brings a claim for conversion based on IBM's—through its customers—continued use of TOA's software following the termination of the contract. (See SAC ¶¶ 23, 24, 25; see also SAC Ex. E). In its breach of contract and conversion claims, TOA seeks damages for IBM's alleged failure to pay for TOA's goods and services. TOA's attempt to characterize its conversion claim as distinct from its breach of contract claims is belied by the allegations in the second amended complaint which address the same conduct—namely, the continued use of TOA's software subsequent to June 2017. (See, e.g., SAC ¶¶ 19, 23, 24). Therefore, TOA "has failed to plead an actionable wrong distinct from the breach of contract claim[s]." Schaefer Hong Kong Trade Co Ltd. v. Jones Grp., Inc., 2015 WL 6830178, at *2 (S.D.N.Y. Nov. 6, 2015). Put another way, TOA has not plausibly alleged a claim for conversion because such claim essentially seeks to enforce the terms of the contract.

Accordingly, IBM's motion to dismiss TOA's conversion claim must be granted.[2]

---

[2] Because the Court finds TOA has not plausibly alleged a claim for conversion, the Court need not address whether such claim was permitted by the Court's November 4 Opinion and Order. (See Doc. #28) (granting TOA leave to amend "to the limited extent of pleading a breach of contract claim based on IBM's alleged failure to meet its pre-termination payment obligations.") (emphasis added).

IV.     Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires."  However, leave to amend may "properly be denied for:  undue delay, . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008).

Here, TOA requests leave to amend its second amended complaint.  Reading the second amended complaint liberally, the Court finds plaintiff cannot plausibly allege a conversion claim.  Moreover, any further leave to amend will result in undue delay and undue prejudice to IBM, as plaintiff has already twice amended its pleading.  Accordingly, TOA's application for leave to file a third amended complaint is denied.

## CONCLUSION

The motion to dismiss is GRANTED IN PART and DENIED IN PART.

TOA's breach of contract claims shall proceed.  TOA's conversion claim is dismissed.

By June 9, 2020, IBM shall file an answer to the second amended complaint.

The Clerk is directed to terminate the motion.  (Doc. #33).

Dated:  May 26, 2020
        White Plains, NY

                                        SO ORDERED:

                                        _____
                                        Vincent L. Briccetti
                                        United States District Judge